EXHIBIT A

CASE NUMBER: CGC-15-545995  NICHOLAS THANOS M.D VS. BERKSHIRE LIFE INSURANCE

## <u>NOTICE TO PLAINTIFF</u>

A Case Management Conference is set for:

| | |
|---|---|
| **DATE:** | **OCT-28-2015** |
| **TIME:** | **10:30AM** |
| **PLACE:** | **Department 610** |
| | **400 McAllister Street** |
| | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3869

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

May-26-2015  4:07 pm

Case Number: CGC-15-545995

Filing Date: May-26-2015 3:58

Filed by:  VICTORIA GONZALEZ

Juke Box: 001    Image: 04925937

COMPLAINT

NICHOLAS THANOS M.D VS. BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA ET AL

001C04925937

**Instructions:**
Please place this sheet on top of the document to be scanned.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Berkshire Life Insurance Company of America ; *Guardian Life Insurance Company of America, Does 1-50*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Nichloas Thanos M.D.

<div style="border:1px solid">
FOR COURT USE ONLY<br>
(SOLO PARA USO DE LA CORTE)
</div>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Civic Center Courthourse<br>400 McAllister Street<br>San Francisco CA 94102 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**CGC 15-545995** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ray Bourhis Associates, 12 Funston Avenue B, San Fracisco CA 94129

| | | | | |
|---|---|---|---|---|
| DATE: May 26, 2015<br>*(Fecha)* MAY 26 2015 | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* | Victoria Gonzalez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**BY FAX**

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

     under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
               ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
               ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
               ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  Ray Bourhis, Esq. SBN 53196
   Eric Whitehead, Esq. SBN 301449
2  RAY BOURHIS ASSOCIATES
3  12 Funston Avenue
   San Francisco, CA 94129
4  Tel: (415) 392-4660
   Fax: (415) 421-0259
5  RFBourhis@gmail.com
   Eric.Whitehead@RayBourhis.com
6

**F I L E D**
Superior Court of California
County of San Francisco

MAY 2 6 2015

CLERK OF THE COURT
BY: _____
                        Deputy Clerk

7  Attorneys for Plaintiff, Nicholas Thanos M.D.

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11             FOR THE CITY AND COUNTY OF SAN FRANCISCO

12

13  NICHOLAS THANOS M.D.,                 ) Case No.: **CGC    15 - 545995**
                                          )
14            Plaintiff,                   ) COMPLAINT FOR BREACH OF
15                                         ) CONTRACT,
       v.                                  ) BREACH OF THE COVENANT OF
16                                         ) GOOD FAITH AND FAIR DEALING /
            Defendants,                    ) INSURANCE BAD FAITH
17                                         )
18  Berkshire Life Insurance Company of   ) JURY TRIAL REQUESTED
    America, Guardian Life Insurance Company )
19  of America, Does 1-50                  )
                                          )
20                                         )
                                          )
21                                         )
                                          )     **BY FAX**
22                                         )
                                          )
23                                         )

24
         Plaintiff Dr. NICHOLAS THANOS hereby requests a trial by jury of all issues in
25
   this matter.
26
         COMES NOW, Plaintiff NICHOLAS THANOS M.D. and alleges as follows:
27

28

---
                                    1
                                Case No.:
   COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
                        DEALING / INSURANCE BAD FAITH

# I.
## BACKGROUND

1.      Plaintiff Nicholas Thanos M.D. (DR. THANOS) has been a resident and citizen of California at all times relevant to this matter.

2.      DR. THANOS alleges that defendants Berkshire Life Insurance Company of America (BERKSHIRE) and Guardian Life Insurance Company of America (GUARDIAN) are publicly owned corporations duly organized and existing under and by virtue of the laws of the State of Massachusetts and are authorized to transact and are transacting the business of insurance in the State of California.

3.      DR. THANOS alleges that GUARDIAN conducts its insurance operations through BERKSHIRE and other entities not named at this time.

4.      DR. THANOS alleges that BERKSHIRE makes all claims decisions on policies that were issued by all companies they have acquired.

5.      DR. THANOS alleges that BERKSHIRE is responsible for all matters involving the non-payment of his claims.

6.      In the alternative, on information and belief, DR. THANOS alleges that BERKSHIRE and GUARDIAN are joint venturers.

7.      In the alternative, on information and belief, DR. THANOS alleges that he is a third-party creditor beneficiary of all contracts between BERKSHIRE and GUARDIAN.

8.      The corporate headquarters of BERKSHIRE is at 700 South Street, Pittsfield, Massachusetts 01201.

9.      DR. THANOS alleges that defendant GUARDIAN so used its control of defendant BERKSHIRE and/or used the corporate assets of defendant BERKSHIRE as to render defendant GUARDIAN into defendant's BERKSHIRE corporate alter-ego.

Case No.:
**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING / INSURANCE BAD FAITH**

10.    BERKSHIRE and GUARDIAN are dependent upon payments from wholly owned subsidiaries to pay dividends to their stockholders and to pay their expenses.

11.    DR. THANOS alleges that defendants BERKSHIRE and GUARDIAN adopted and implemented unfair claims handling practices and have utilized those unfair claims handling practices in their roles as claims administrator for BERKSHIRE and GUARDIAN's individual disability income POLICY.

12.    The true names and capacities, whether individual, corporate, government, associate or otherwise of defendants DOES 1 through 50, inclusive, are unknown to DR. THANOS who therefore sues said defendants by such fictitious names. DR. THANOS will amend this complaint to allege their true names and capacities when ascertained. DR. THANOS is informed and believes and, therefore, alleges that each of the defendants designated herein caused injury and damages proximately thereby to DR. THANOS as herein alleged, and are, therefore, responsible to DR. THANOS for the damages herein requested.

13.    DR. THANOS entered into insurance contracts with BERKSHIRE for disability income coverage effective October 14, 1991.

14.    Defendants BERKSHIRE, GUARDIAN, and DOES 1-50 issued POLICY of insurance to DR. THANOS (Policy No. G-533253) for which he paid all premiums (hereinafter "the POLICY") and attached hereto as Exhibit A.

15.    At all relevant times prior to July 3, 2009, DR. THANOS was a Gynecological Surgeon, specializing in female urology and pelvic reconstructive surgery.

16.    DR. THANOS fully performed all duties required of him under the POLICY.

17.     Under California law, the term "total disability" in the context of a Long-Term Disability policy means that the insured is unable to perform the substantial and material duties of his occupation, in the usual or customary manner and with reasonable continuity.  This definition of total disability applies to every Long-Term Disability policy sold, renewed, or in force in the state of California or otherwise subject to California law.

18.     On July 3, 2009, DR. THANOS fell and suffered debilitating personal injuries.

19.     Said injuries included a fracture to his T10 vertebrae and debilitating nerve damage to his right lateral femoral cutaneous nerve.

20.     DR. THANOS did not return to work immediately after the fall.

21.     DR. THANOS returned to work on an extremely limited capacity on July 27, 2009.

22.     DR. THANOS received certain benefits from BERKSHIRE and GUARDIAN between the time of the accident until April 1, 2014.

23.     Prior to his accident, DR. THANOS worked full-time, performing multiple surgeries every Wednesday and working over sixty hours per week in his practice.

24.     Following his accident, DR. THANOS was only able to perform one complex surgery on Wednesdays and he was forced to greatly reduce his schedule to approximately 24 hours per week.

25.     DR. THANOS received partial disability payments offset by his earned income between February 2010 and March 2014.  DR. THANOS was entitled not to partial disability payments, but to total disability benefit payments during this period.

26.     DR. THANOS's post-accident activities were and are greatly restricted as

1   a result of his pain and injuries.

2       27.     On July 5, 2009, DR. THANOS was treated by orthopedic surgeon Raed

3   Ali M.D.  He was fitted with a metal brace in an attempt to stabilize his back.

4       28.     On August 6, 2009, primary care physician John Mitchel M.D.

5   recommended a bone stimulator and prescribed human growth hormone.

6

7       29.     Defendants BERKSHIRE and GUARDIAN have denied benefits that DR.

8   THANOS is owed under his POLICY.  Said Defendants have denied DR. THANOS's

9   claims despite the fact that they are aware that he cannot perform the substantial and

10  material duties of his occupation that he was performing at the time he was disabled in

11  the usual and customary manner or with reasonable continuity.

12

13      30.     Defendants BERKSHIRE and GUARDIAN have denied such claims by

14  applying the incorrect definition of total disability, despite the fact that they are well

15  aware DR. THANOS is qualified for total disability benefits under the definition of total

16  disability that is applicable in the State of California.

17

18      31.     DR. THANOS made a claim for Total Disability benefits under his policy.

19  On March 31, 2014, Defendant terminated payment of benefits owed under the

20  POLICY, misrepresenting to DR. THANOS that he did not qualify for such benefits.

21      32.     The total disability provision of the POLICY in issue provides lifetime

22  benefits.  By its failure to pay total disability benefits, Defendant will deprive DR.

23  THANOS of the amount entitled to him under the POLICY.

24

25      33.     At the time of the filing of his claim, and at all times thereafter, DR.

26  THANOS was entitled to receive disability benefits under the Total Disability provisions

27  of his POLICY.

28

---

Case No.:
**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
DEALING / INSURANCE BAD FAITH**

## II.
## FIRST CAUSE OF ACTION

(Breach of Contract against BERKSHIRE Life Insurance Company of America, GUARDIAN Life Insurance Company of America, and DOES 1-50.)

34.      Plaintiff DR. THANOS incorporates by reference paragraphs 1 through 32, inclusive, of the complaint as though set forth in the cause of action.

35.      Despite Defendants' obligations to pay DR. THANOS his total disability benefits pursuant to his POLICY and California law, and despite his medical condition, BERKSHIRE and GUARDIAN have failed and continue to fail to do so. In failing to pay DR. THANOS his benefits due, and in forcing DR. THANOS to obtain representation before paying his the benefits to which he is due, BERKSHIRE, GUARDIAN and DOES 1 through 50 have breached and continue to breach their contracts of insurance with DR. THANOS.

36.      BERKSHIRE and GUARDIAN are well aware that any payment of benefits under these circumstances no longer can make DR. THANOS whole for Defendant's breaches.

37.      As a direct and proximate result of the said breach, DR. THANOS has been injured and damaged in an amount to be determined according to proof at trial.

38.      As a direct and proximate result of the said breach, DR. THANOS has been injured and damaged in incurring attorney's fees and costs in connection with this lawsuit and in connection with an attempt to obtain benefits to which he is entitled in an amount to be determined according to proof at trial.

WHEREFORE, DR. THANOS prays judgment against Defendants, and each of them, as hereinafter set forth.

Case No.:
COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING / INSURANCE BAD FAITH

III.
## SECOND CAUSE OF ACTION

(Breach of the Covenant of Good Faith and Fair Dealing / Insurance Bad
Faith Against Defendants BERKSHIRE Life Insurance Company,
GUARDIAN Life Insurance Company, and Does 1-50)

As and for a separate and distinct SECOND CAUSE OF ACTION, Plaintiff DR.

THANOS complains against defendants BERKSHIRE and GUARDIAN, and Does 1-50

as follows.

39.     Plaintiff incorporates by reference each and every paragraph of the

complaint as though set forth in the cause of action.

40.     At all times herein relevant, BERKSHIRE and GUARDIAN agreed to act

in good faith and deal fairly with DR. THANOS when they entered into the POLICY

and accepted premiums.  Said defendants thereby assumed a special relationship with

and fiduciary-like obligations to DR. THANOS, and agreed to abide by its said duties.

Nevertheless, said defendants refused and failed to act in good faith and deal fairly

with DR. THANOS, and breached said obligations, as is set forth more particularly

below.

41.     In the absence of a reasonable basis for doing so, and with full

knowledge and/or conscious disregard of the consequences, said defendants have

failed and refused to provide DR. THANOS the appropriate benefits promised under

the POLICY and the laws of California.

42.     Defendants engaged and continue to engage in a course of conduct to

further their own economic interest and in violation of their contractual and fiduciary

obligations to DR. THANOS, including, but not limited to:

    a.   Unreasonably failing to pay the correct benefits of the POLICY;

b.  Failing to provide promptly a reasonable explanation of the basis relied on in the insurance POLICY for its failure to pay the correct benefits;

c.  Failing to pay the benefits which DR. THANOS was entitled to receive based on insufficient and inadequate medical information;

d.  Failing to place the financial interests of DR. THANOS on an equal par with said defendants' own financial interests;

e.  Misrepresenting coverage and policy provisions at issue, including the interpretation of "total disability", "residual disability", and "occupation" in its own occupation policy.

f.  Forcing DR. THANOS to hire an attorney to obtain the benefits of the POLICY due to him;

g.  Failing to conduct a thorough investigation into DR. THANOS's substantial and material duties and deliberately misrepresenting the requirements for qualification as "totally disabled" under the terms of the POLICY; and

h.  Other such unreasonable conduct that is unknown at this time.

43. Said defendants' actions were all part of a pattern and practice of denying and terminating long-term disability income claims issued to professionals in California, on specious bases in order to reduce overall reserves and improve the company's financial condition.

44. In doing the acts listed above, defendants' acts breached the covenant of good faith and fair dealing, and constitute unfair claims settlement practices.

45. Said defendants continue to engage in the aforementioned acts, and said conduct and bad faith constitutes a continuing tort and continuing bad faith to DR. THANOS, causing him continuing damage as described herein beyond the date of the filing of the action.

45.     As a direct and proximate result of the aforementioned conduct of said defendants, and each of them, DR. THANOS has been damaged in an amount in excess of the minimum jurisdiction of the court, to be proven at trial.

46.     As a further direct and proximate result of the aforementioned conduct of defendants, DR. THANOS has suffered worsened physical condition, mental and emotional distress including, but not limited to, fear, aggravation, depression, humiliation and anxiety and has thereby incurred general damages in a sum in excess of the jurisdiction of the court to be determined according to proof at trial.

47.     As a further, direct and proximate result of the aforementioned conduct of BERKSHIRE, GUARDIAN and each of them, DR. THANOS has been obliged to expend or incur liability for costs of suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will be submitted at the time of trial.

48.     As a further, direct and proximate result of the aforementioned conduct of said defendant, DR. THANOS has suffered other special damages in amounts according to proof at the time of trial which include, but are not limited to, his inability to replace the POLICY under the terms and conditions represented to him.

49.     In doing the acts set forth above, defendants acted fraudulently, maliciously, oppressively, and in conscious disregard of DR. THANOS's rights and in a despicable fashion.  DR. THANOS is therefore entitled to punitive damages in a sum

1   sufficient to punish defendants so that such conduct will not take place again.

2       WHEREFORE, DR. THANOS prays for judgment against defendants, and each

3   of them, as hereinafter set forth.

4

5

6   <u>PRAYER FOR RELIEF</u>

7   AS TO THE FIRST CAUSE OF ACTION:

8

9   WHEREFORE, DR. THANOS prays for relief as follows:

10       1.    General damages against defendants BERKSHIRE, GUARDIAN, and

11   DOES 1-50 for the failure to provide the promised benefits under the subject contract of

12   insurance in a sum to be determined at the time of trial, and a return of the premiums

13   which defendants have required DR. THANOS to pay to keep the POLICY in force.

14

15       2.    Special damages in an amount according to proof;

16       3.    For such other and further relief as the Court deems just and proper.

17

18   AS TO THE SECOND CAUSE OF ACTION:

19   WHEREFORE, plaintiff DR. THANOS prays for relief as follows:

20       4.    General damages against defendants BERKSHIRE, GUARDIAN, and

21   DOES 1-50 for mental and emotional distress and other incidental damages in a sum to

22   be determined at trial;

23       5.    Special damages in an amount according to proof;

24       6.    Punitive and exemplary damages;

25       7.    For costs of suit herein incurred;

26       8.    For reasonable attorneys' fees; and

27       9.    For such other and further relief as the Court deems just and proper.

28

1

2

3  Dated: May 21, 2015                        Respectfully submitted,

4                                             RAY BOURHIS ASSOCIATES

5

6                                             By:

7                                                Eric Whitehead
                                                 Attorney for Plaintiff,
8                                                Nicholas Thanos M.D.

9

10

11

12                            <u>DEMAND FOR JURY TRIAL</u>

13        Plaintiff Nicholas THANOS herewith demands a jury trial on all issues.

14

15  Dated: May 21, 2015                        Respectfully submitted,

16                                             RAY BOURHIS ASSOCIATES

17

18                                             By:

19                                                Ray Bourhis
                                                  Attorney for Plaintiff,
20                                                Nicholas Thanos M.D.

21

22

23

24

25

26

27

28

---

11
Case No.:
**COMPLAINT FOR BREACH OF CONTRACT, BREACH OF THE COVENANT OF GOOD FAITH AND FAIR
DEALING / INSURANCE BAD FAITH**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Raymond F. Bourhis #53196
Eric Whitehead #301449
Ray Bourhis Associates, 12 Funston Ave B, SF, CA 94129
TELEPHONE NO.: (415) 392-4660     FAX NO.: (415) 421-0259
ATTORNEY FOR (Name): Plaintiff Nicholas Thanos

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 400 McAllister Street, San Francisco, CA 94102
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:

**F I L E D**
Superior Court of California
County of San Francisco

MAY 26 2015

CLERK OF THE COURT
BY: _____
           Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited   ☐ Limited | ☐ Counter  ☐ Joinder | **CGC 15-545995** |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:     DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

**BY FAX**

Date: May 26, 2015
Eric Whitehead
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |